■ BRENDA CORIA, Respondent, v ANTHONY CORIA, Appellant. — In a matrimonial action, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Imperato, R.), dated November 10, 1983, as granted that branch of plaintiff wife's motion as sought an increase in child support to be paid by defendant husband to the extent of increasing that sum from $20 per week to $35 per week for the parties' minor child, effective as of the date of the order.

Order affirmed, insofar as appealed from, without costs or disbursements.

The parties herein were married on January 19, 1968. One child, Yvonne Coria, was born of this marriage. On January 4, 1971, a judgment of divorce was granted to the plaintiff. A stipulation entered into between the parties, which was incorporated into the judgment, provided, in pertinent part, that defendant was to pay plaintiff the sum of $20 per week as child support.

The record reveals that at the time of the divorce, plaintiff earned slightly more than defendant and that the couple's daughter Yvonne was two years old. Plaintiff is presently unemployed and remains at home to care both for 14-year-old Yvonne, who attends public school, and a child by a second marriage. Defendant's weekly gross salary has increased by $373 since the divorce. "Inasmuch as the request here for increased child support was predicated on the child's right to receive adequate support, it was not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase" (*Michaels v Michaels*, 56 NY2d 924, 926). Upon review of the record, we find that plaintiff has established a sufficient factual basis for the upward modification in the best interests of the child (*Stevenson v Stevenson*, 98 AD2d 718, 719).

We have examined defendant's remaining contention and find it to be without merit. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.